UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHRISTIAN P. BUTLER, | Case No. 3:14-cv-02050-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES** |
| CAROLYN W. COLVIN, | |
| Defendant. | Re: ECF No. 26 |

## INTRODUCTION & BACKGROUND

In this Social Security appeal, the parties stipulated to remand the case to the Commissioner for further administrative action.[1] On remand, the plaintiff was awarded past-due benefits in the amount of $131,510.00.[2] The Commissioner withheld 25% of the retroactive benefits, or $32,877.50.[3]

The plaintiff's counsel now seeks $22,877.50 of those benefits under 42 U.S.C. § 406(b) and the parties' attorney-client fee agreement, which provides for a 25% § 406(b) contingency fee.[4] Counsel

---

[1] *See* Order – ECF No. 20. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] ECF No. 26-4 at 5.

[3] *Id.*

[4] Motion for Attorney's Fees – ECF No. 26; Amended Motion for Attorney's Fees – ECF No. 32; Fee Agreement – ECF No. 26-7.

ORDER — No. 14-cv-02050-LB

already received $4,789.51 in fees under the Equal Access to Justice Act ("EAJA"), which results in a net fee of $18,087.99.[5] Counsel also informs the court that the National Security Disability Advocates, "the legal entity that represented Mr. Butler in the proceedings before the Administration[,] intends to separately move the Administration for the $10,000 that would remain from Mr. Butler's past-due benefits."[6] The Commissioner submitted an analysis of counsel's request.[7]

The court can decide this matter without oral argument. *See* Civil L.R. 7-1(b). The court grants the motion because the amount of fees requested is reasonable.

## ANALYSIS

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . , the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See*, *e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the character of the representation and the results achieved. *Id.* at 808; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether

---

[5] Ortega Decl. – ECF No. 26-3 ¶ 7.

[6] Motion for Attorney's Fees at 1; Amended Motion for Attorney's Fees at 1–2.

[7] Statement of Defendant's Non-Party Analysis – ECF No. 29.

ORDER — No. 14-cv-02050-LB                              2

substandard representation justifies awarding less than 25% in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808).

The court must offset an award of section 406(b) attorney's fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

The court finds that the fee request is reasonable. The 25% contingency fee agreement is within section 406(b)(1)(A)'s statutory ceiling. The work was reasonable given the favorable outcome and the time spent is not out of proportion to the fee award.

## CONCLUSION

The court finds that fees of $22,877.50 are reasonable under § 406(b), reduces the award by the $4,789.51 in EAJA fees, and authorizes a net fee award of $18,087.99.

**IT IS SO ORDERED.**

Dated: February 2, 2017

LAUREL BEELER
United States Magistrate Judge